# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

LUIS RAMON RAMIREZ,

      Petitioner,

v.                                                    No. 1:21-cv-979 KWR/KRS

CENTRAL NEW MEXICO CORRECTIONAL
FACILITY *Warden*, and
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

      Respondents.[1]

## <u>PROPOSED FINDINGS AND RECOMMENDED DISPOSITION</u>

**THIS MATTER** is before the Court on Luis Ramon Ramirez's ("Petitioner's") Petition

under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed October 7,

2021. (Doc. 1). The Attorney General of the State of New Mexico ("Respondent") filed a limited

answer addressing exhaustion (Doc. 14), to which Petitioner filed a reply (Doc. 16). United

States District Judge Kea W. Riggs referred this case to me to conduct hearings, if warranted,

and to perform any legal analysis required to recommend to the Court an ultimate disposition.

(Doc. 8).

      Having considered the parties' submissions, the relevant law, and the record in this case,

I conclude that Petitioner has filed a mixed petition containing both exhausted and unexhausted

---

[1] Petitioner named "United States Tenth Circuit" as the respondent in his petition. (*See* Doc. 1 at 1).
Petitioner, however, is in custody under a state-court judgment. He is presently incarcerated at Central
New Mexico Correctional Facility ("CNMCF") in Los Lunas, New Mexico. *See* https://www.cd.nm.gov/
offender-search/ (last accessed Mar. 7, 2023). The warden of CNMCF and the Attorney General of the
State of New Mexico are therefore substituted in place of "United States Tenth Circuit" as party
respondents in this Section 2254 habeas proceeding. *See* Habeas Corpus Rule 2(a) ("If the petitioner is
currently in custody under a state-court judgment, the petition must name as respondent the state officer
who has custody."). The Clerk of Court has already noted this substitution on the record.

claims. I recommend that Petitioner be given thirty (30) days after an order adopting the

Proposed Findings and Recommended Disposition ("PFRD") to voluntarily dismiss his

unexhausted claim – sub-claim 1(a) for ineffective assistance of counsel based on trial counsel's

alleged failure to seek suppression of evidence – and proceed on his remaining claims, all of

which are exhausted. If Petitioner does not do so, I recommend dismissing his entire petition

without prejudice.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On July 8, 2015, a jury found Petitioner guilty of first degree murder, conspiracy to

commit first degree murder, shooting at or from a motor vehicle resulting in injury, three counts

of child abuse, and aggravated assault with a deadly weapon.[2] (Doc. 14-1 at 64–77). The jury

found Petitioner not guilty of tampering with evidence. (*Id.* at 73, 85). "With the exception of

conspiracy, [Petitioner's] convictions were based on evidence that he acted as an accessory to

substantially similar crimes committed by his brother, Alejandro Ramirez (Alejandro)."[3] *State v.*

*Ramirez*, No. S-1-SC-35566, 2018 WL 286072, at *1 (N.M. Jan. 4, 2018).

Petitioner's convictions stemmed from the fatal shooting of Johnny Vialpando while Mr.

Vialpando was sitting in a vehicle parked at a shopping mall in Farmington, New Mexico, on

April 27, 2013. (Doc. 14-1 at 4–5, 19). Also present in the vehicle were Mr. Vialpando's wife

and three minor children. (*Id.* at 151–152). At trial, prosecutors alleged that Petitioner used his

vehicle to block the vehicle occupied by Mr. Vialpando and his family while Alejandro

approached Mr. Vialpando's vehicle with a gun supplied by Petitioner and shot Mr. Vialpando

---

[2] Except as otherwise noted, all record citations are to the exhibits attached to Respondent's Answer (Doc. 14). The Court cites to the CM/ECF pagination rather than any internal page numbers in the exhibits.

[3] Alejandro was separately tried and convicted of first degree murder and other charges by a jury. (*See* Doc. 14-1 at 8).

multiple times. *See Ramirez*, 2018 WL 286072, at *1–2 (describing shooting). Petitioner then

drove Alejandro away from the scene. *Id.*

On September 17, 2015, Petitioner was sentenced to a term of life imprisonment plus

sixty-eight years and six months (68 ½ years). (*See* Doc. 14-1 at 86–92, 127–33). Petitioner

timely filed a direct appeal to the New Mexico Supreme Court. (*Id.* at 93). In his direct appeal,

Petitioner raised four arguments:

1. <u>Sufficiency of the Evidence</u>: Petitioner argued there was insufficient evidence to

   support his convictions because (a) there was no evidence that he shared Alejandro's

   deliberate intent to commit first degree murder; (b) there was no evidence of an

   agreement, verbal or otherwise, between Petitioner and Alejandro to commit murder;

   and (c) there was no evidence Petitioner knew that Mr. Vialpando's wife or the

   children were in the vehicle. (*See id.* at 161–75).

2. <u>Double Jeopardy</u>: Petitioner argued his convictions for (a) first degree murder and

   shooting at a motor vehicle, (b) multiple counts of child abuse, and (c) first degree

   murder and conspiracy to commit first degree murder violated his right to be free

   from double jeopardy. (*See id.* at 175–86).

3. <u>Improper Jury Instructions</u>: Petitioner argued that the state trial court erroneously

   refused his request to instruct the jury with NM UJI 14-2823, which states in relevant

   part that "[m]ere presence . . . and even mental approbation, if unaccompanied by

   outward manifestation or expression of such approval, is insufficient to establish that

   the defendant aided and abetted a crime." In addition, Petitioner argued that the trial

   court erroneously omitted the intent element from the conspiracy jury instruction. (*Id.*

   at 186–92).

4. <u>Sentencing Errors</u>: Petitioner argued that the trial court (a) erroneously designated his aggravated assault and child abuse convictions as serious violent offenses; and (b) erred in sentencing Petitioner to second degree shooting at a motor vehicle when the jury was only instructed as to third degree shooting at a motor vehicle. (*Id.* at 192–96).

On January 4, 2018, the New Mexico Supreme Court issued a decision vacating Petitioner's conviction for shooting at a motor vehicle on double jeopardy grounds, and affirming Petitioner's remaining convictions. (*Id.* at 255; *see also Ramirez*, 2018 WL 286072, at *1). The New Mexico Supreme Court then remanded Petitioner's case for "re-sentencing on the aggravated assault and child abuse convictions so that the district court [could] make the findings necessary to conclude that the crimes [were] serious violent offenses." (*See* Doc. 14-1 at 282).

On June 27, 2018, the district court entered a new judgment vacating Petitioner's conviction for shooting at a motor vehicle and making the requisite serious violent offense findings. (*Id.* at 286–92). Petitioner was resentenced to a term of life imprisonment plus fifty-one years and six months (51 ½ years). (*Id.*).

Petitioner thereafter filed a *pro se* petition for habeas corpus relief in state court pursuant to Rule 5-802 NMRA. (*Id.* at 295–309). He raised the following arguments in his state habeas petition:

1. <u>Ineffective Assistance of Counsel</u>: Petitioner asserted that his trial counsel was ineffective for: a) failing to call Alejandro to testify and convincing Petitioner to not take the stand in his own defense; b) failing to investigate witnesses relevant to Petitioner's defense, including the individual who found the firearm allegedly used in

the crime; c) inadequately cross-examining witnesses; and d) failing to move for

dismissal on the ground that Petitioner was actually innocent. (*Id.* at 297–304).

2. <u>Sufficiency of the Evidence</u>: Petitioner argued there was insufficient evidence to

   support his convictions. (*Id.* at 303–04).

3. <u>Double Jeopardy</u>: Petitioner argued several of his convictions violated his right to be

   free from double jeopardy. (*Id.* at 305 ("[Petitioner] was convicted of 1st degree

   murder, accessary [sic] to commit murder, and shooting at or from a motor vehicle

   violating due process of double jeopardy. [Petitioner] was also found guilty of

   multipal [sic] counts of child abuse[.]")).

4. <u>Improper Jury Instructions</u>: Petitioner argued that the district court erroneously denied

   his request to instruct the jury with NM UJI 14-2823. (*Id.* at 303).

The state court appointed counsel to represent Petitioner in his habeas proceeding. (*Id.* at 315–

17). Petitioner's counsel later filed an amended state habeas petition which fleshed out the

arguments raised in Petitioner's *pro se* petition, but did not add any additional grounds for relief.

(*Id.* at 319–33).

On May 12, 2021, the state court summarily dismissed Petitioner's amended state habeas

petition on its merits. (*Id.* at 435–48). Petitioner then filed a petition for writ of certiorari to the

New Mexico Supreme Court. (*Id.* at 446). He reiterated his ineffective assistance of counsel

claims, *id.* at 446–56, but did not raise his claims for sufficiency of the evidence, double

jeopardy, improper jury instructions. On July 16, 2021, the New Mexico Supreme Court denied

the petition. (*Id.* at 577).

## II.   PETITIONER'S § 2254 HABEAS PETITION

On October 7, 2021, Petitioner filed the § 2254 federal habeas petition that is presently before the Court and the subject of this PFRD. (Doc. 1). In his *pro se* petition, Petitioner asserts three grounds for relief:

1.   Claim 1: Ineffective Assistance of Counsel

   a)   Petitioner contends that his trial counsel was ineffective because "there was evidence that should have been suppressed but [his] counsel did not do it." (*See* Doc. 1 at 5).

   b)   Petitioner contends that his trial counsel was ineffective because counsel "strongly suggested" that neither Petitioner nor Alejandro take the stand during the trial. (*Id.*).

2.   Claim 2: Sufficiency of the Evidence

   Petitioner argues there was insufficient evidence to support any of his convictions. (*See id.* at 7).

3.   Claim 3: Improper Jury Instructions

   Petitioner contends that the jurors were improperly instructed to find him guilty "just by being there." (*See id.* at 8).

On July 7, 2022, the Court ordered Respondent to file an answer addressing the merits of each claim and whether Petitioner had exhausted his state court remedies as to each claim. (Doc. 7). On September 26, 2022, Respondent filed a limited answer in which Respondent contends that Petitioner has filed a mixed petition containing both exhausted and unexhausted claims. (*See* Doc. 14 at 1, 9). Respondent asks the Court to instruct Petitioner to delete his unexhausted claim

from his petition and thereafter, allow Respondent to file a supplemental answer addressing the merits of Petitioner's exhausted claims. (*Id.* at 1, 9–11).

### III. ANALYSIS

A. <u>The Exhaustion Requirement</u>

The provisions of 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214 ("AEDPA"), govern this case. A federal district court may not consider the merits of a habeas petition brought pursuant to 28 U.S.C. § 2254 unless the petitioner "has exhausted the remedies available in the courts of the State."[4] 28 U.S.C. § 2254(b)(1)(A). "The [exhaustion] doctrine reflects the policies of comity and federalism between the state and federal governments, a recognition that it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Demarest v. Price*, 130 F.3d 922, 932 (10th Cir. 1997) (citations and quotation marks omitted).

A petitioner has not exhausted his state court remedies if he still "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). To exhaust state court remedies, a petitioner must "properly present[ ]" the issue "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994) (citation omitted). "[T]he crucial inquiry is whether the substance of the petitioner's claim has been presented to the state courts in a manner sufficient to put the courts on notice of the federal constitutional claim."

---

[4] A federal court may review a petitioner's unexhausted claims if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). Petitioner has not argued—and the record does not indicate—that either of these situations are present in this case.

*Prendergast v. Clements*, 699 F.3d 1182, 1184 (10th Cir. 2012) (internal citation and quotation omitted).

Habeas petitions that contain both exhausted and unexhausted claims are called "mixed petitions." *Pliler v. Ford*, 542 U.S. 225, 227 (2004). Federal "district courts may not adjudicate mixed petitions." *Fairchild v. Workman*, 579 F.3d 1134, 1155 (10th Cir. 2009) (quoting *Rhines v. Weber*, 544 U.S. 269, 273 (2005)).

B.  Petitioner Has Filed a Mixed Petition

I agree with Respondents that Petitioner has presented a mixed petition containing both exhausted and unexhausted claims. There is no question that Petitioner has exhausted his claims for sufficiency of the evidence to support his convictions (Claim 2) and improper jury instructions (Claim 3). Both of these arguments were squarely raised in Petitioner's direct appeal. *See supra* p. 3.

As to the ineffective assistance of counsel claim (Claim 1), Petitioner exhausted this claim in part only. As Respondent concedes (*see* Doc. 14 at 9), Petitioner exhausted sub-claim 1(b) that his trial counsel was ineffective for urging Petitioner and Alejandro not to testify. This argument was presented in Petitioner's petition for writ of certiorari to the New Mexico Supreme Court. *See supra* p. 4; *Dever*, 36 F.3d at 1534 ("[t]he exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack."). However, Petitioner's other ineffective assistance argument – sub-claim 1(a) that his trial counsel was ineffective for failing to seek suppression of certain evidence – was not raised at any point in Petitioner's direct appeal or his state habeas proceeding. Although Petitioner summarily contends in his reply brief that he exhausted his ineffective assistance claim in its entirety (*see* Doc. 16 at 2), Petitioner does not cite to any

record evidence establishing that he properly presented sub-claim 1(a) in either his direct appeal or in his state habeas proceeding. I therefore conclude that sub-claim 1(a) is unexhausted. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) (stating that the petitioner "must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition").

In sum, Petitioner has filed a mixed petition in which only the following claims are exhausted: ineffective assistance of counsel based on trial counsel's alleged conduct of discouraging Petitioner and Alejandro from testifying during Petitioner's trial (Sub-Claim 1(b)), sufficiency of the evidence to support Petitioner's convictions (Claim 2), and improper jury instructions (Claim 3). Petitioner's remaining claim – sub-claim 1(a) – is unexhausted.

When presented with a mixed petition, the Court has the following options:

(1) dismiss the mixed petition in its entirety . . .; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims . . .; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims . . .; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit . . . .

*Fairchild*, 579 F.3d at 1156 (internal citations omitted).

I do not recommend dismissal of the mixed petition in its entirety. Those in custody pursuant to the judgment of a state court have a one-year statute of limitations to file a federal habeas petition. *See* 28 U.S.C. § 2244(d). Federal habeas petitions do not toll the limitations period. *See Duncan v. Walker*, 533 U.S. 167, 181–82 (2001). If the Court were to dismiss the current habeas petition to allow Petitioner to exhaust sub-claim 1(a) in state court, his application would be time-barred were he to return to federal court. *See, e.g.*, *Rhines*, 544 U.S. at 274–75 ("Although the limitations period is tolled during the pendency of a 'properly filed application for State post-conviction or other collateral review,' § 2244(d)(2), the filing of a petition for

habeas corpus in federal court does not toll the statute of limitations") (citing *Duncan*, 533 U.S. at 181–82). Thus, dismissing Petitioner's petition would push this case well past the limitations period.

Similarly, the "stay and abeyance" mechanism is not appropriate in this case. The Supreme Court has stated that "[b]ecause granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines [(1)] there was good cause for the petitioner's failure to exhaust his claims in state court"; (2) the petitioner's unexhausted claims are not "plainly meritless"; and (3) there is "no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 277–78. On the record now before me, I do not find that these prerequisites for the stay-and-abeyance procedure have been met. Nothing in the documents before the Court points to the existence of the requisite good cause.

Nor is the fourth option, i.e., to ignore the exhaustion requirement altogether and deny the petition on the merits, appropriate at this juncture. Respondent has not yet addressed the merits of Petitioner's exhausted claims and as such, it is premature for the Court to undertake a review of the substantive merits of the exhausted claims.

I conclude that the best option is the third option because it provides Petitioner "with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

C. Procedural Default

Before recommending that Petitioner be given an opportunity to dismiss his unexhausted claim, I consider whether, upon dismissal of the unexhausted claim, Petitioner would then be

able to raise this claim in state court. *Demarest*, 130 F.3d at 939. "[I]f the court to which

Petitioner must present his claims in order to meet the exhaustion requirement would now find

those claims procedurally barred, there is a procedural default for the purposes of federal habeas

review." *Id.* (internal citation omitted). This is often referred to as an "anticipatory procedural

bar." *See Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007) ("'Anticipatory

procedural bar' occurs when the federal courts apply procedural bar to an unexhausted claim that

would be procedurally barred under state law if the petitioner returned to state court to exhaust

it."); *Moore v. Schoeman*, 288 F.3d 1231, 1233 n.3 (10th Cir. 2002). Where procedural default

applies, the federal court may review the defaulted claim if the petitioner can show "cause for the

default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that

failure to consider the claims will result in a fundamental miscarriage of justice." *See Coleman v.*

*Thompson*, 501 U.S. 722, 750 (1991).

In this case, if Petitioner were to return to state court to exhaust sub-claim 1(a), he would

advance this claim via a second state habeas petition. Ordinarily, "New Mexico state courts will

not consider any issues raised in a second post-conviction proceeding which could have been

raised in the first proceeding." *Harris v. Williams*, 5 F. App'x 831, 833 (10th Cir. 2001)

(unpublished) ("[G]rounds omitted in the prior proceedings are deemed waived.") (quoting

*State v. Gillihan*, 1974-NMSC-060, ¶10, 86 N.M. 439, 440, 524 P.2d 1335, 1336). However, as

set forth in Rule 5-802(I) NMRA, there are several exceptions to this waiver rule:

> I. Second and successive petitions. If the petitioner has previously filed a petition
> seeking relief under this rule, the court shall have the discretion to:
>     (1) dismiss any claim not raised in a prior petition unless fundamental
> error has occurred, or unless an adequate record to address the claim properly was
> not available at the time of the prior petition; and
>     (2) dismiss any claim raised and rejected in a prior petition unless there
> has been an intervening change of law or fact or the ends of justice would
> otherwise be served by rehearing the claim.

*Id.* Thus, New Mexico courts may find that Petitioner's unexhausted claim is not precluded from review if Petitioner were to successfully assert that fundamental error occurred, that an adequate record did not previously exist, that there was an intervening change of law or fact, or that the ends of justice would otherwise be served by hearing the claim. *Id.* Significantly, Respondent also does not argue that a procedural bar applies to Petitioner's unexhausted claim.

Accordingly, because there still is a possibility of state review of Petitioner's unexhausted claim, in the interest of comity, I find that sub-claim 1(a) is not procedurally defaulted. *See, e.g.*, *Demarest*, 130 F.3d at 939 (stating that courts should generally choose the option of allowing petitioner to exhaust state remedies when those claims are not procedurally barred); *see also Coleman*, 501 U.S. at 731 (explaining that both the exhaustion requirement and the doctrine of procedural default are "grounded in principles of comity," and that "in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights"); *Banks v. Horn*, 126 F.3d 206, 211 (3d Cir. 1997) (advising federal courts to exercise caution before finding a claim procedurally barred where the possibility of state review exists "even if it is not likely that the state court will consider petitioner's claim on the merits"); *Burgin v. Broglin*, 900 F.2d 990, 995 (7th Cir. 1990) (finding that where uncertainty exists regarding the availability of state remedies and further exhaustion is required, the better course is to require petitioner to explore the possibility that state remedies exist).

## IV. RECOMMENDATION

For the reasons discussed above, I recommend that Petitioner be given thirty (30) days after an order adopting the Proposed Findings and Recommended Disposition ("PFRD") to voluntarily dismiss his unexhausted claim, sub-claim 1(a), and proceed on his remaining claims. If Petitioner does not do so, I recommend dismissing his entire petition without prejudice.

12

If Petitioner chooses not to proceed with his exhausted claims, he should bear in mind that the one-year statute of limitations applies to all of the exhausted grounds in this petition, and any future federal habeas petitions on these grounds likely would be time barred.

**WITHIN FOURTEEN (14) DAYS AFTER A PARTY IS SERVED WITH A COPY OF THESE PROPOSED FINDINGS AND RECOMMENDED DISPOSITION, THAT PARTY MAY, PURSUANT TO 28 U.S.C. § 636(B)(1), FILE WRITTEN OBJECTIONS TO SUCH PROPOSED FINDINGS AND RECOMMENDED DISPOSITION. A PARTY MUST FILE ANY OBJECTIONS WITH THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO WITHIN THE FOURTEEN (14) DAY PERIOD ALLOWED IF THAT PARTY WANTS TO HAVE APPELLATE REVIEW OF THE PROPOSED FINDINGS AND RECOMMENDED DISPOSITION. IF NO OBJECTIONS ARE FILED, NO APPELLATE REVIEW WILL BE ALLOWED. PURSUANT TO FED. R. CIV. P. 72(B)(2), A PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE OBJECTIONS.**

KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

13