IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LUIS RAMON RAMIREZ,

    Petitioner,

v.                                        No. 1:21-cv-979 KWR/KRS

NORTHEAST NEW MEXICO
DETENTION FACILITY *Warden*, and
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

    Respondents.

### ORDER DENYING MOTION TO APPOINT COUNSEL

**THIS MATTER** comes before the Court on Petitioner Luis Ramon Ramirez's ("Petitioner") Motion to Appoint Counsel[1] filed January 10, 2024. (Doc. 36). As grounds for the instant motion Petitioner states he is indigent and at present is unable to visit his facility's law library. *Id.*

There is no constitutional right to counsel in habeas proceedings. *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). Instead, whether to appoint counsel is a matter left to the discretion of the court. *Swazo v. Wyo. Dep't of Corr.*, 23 F.3d 332, 333 (10th Cir. 1994). In so deciding, courts should consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted). Ultimately, the burden is on the petitioner "to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (internal quotation marks omitted). representing himself thus far. Accordingly, the Court will deny Petitioner's request for appointment of counsel.

---

[1] The instant motion is titled "Motion to Apoint Counsel."

1

The Court is not convinced that appointment of counsel is warranted for these § 2254 proceedings. Petitioner does not state why he cannot access the law library nor how long he expects he will lack access to the facility's law library. Further, the nature of the factual issues and the complexity of the legal issues are not so novel or complex as to warrant appointment of counsel. Finally, Petitioner is adequately representing himself thus far. Accordingly, the Court will deny Petitioner's request for appointment of counsel.

**IT IS THEREFORE ORDERED** that Petitioner's "Motion to Apoint [*sic*] Counsel" (Doc. 36) is **DENIED**.

_____
**KEVIN R. SWEAZEA**
UNITED STATES MAGISTRATE JUDGE